**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____
                                  :
JOLANDA BORDLEY JACKSON-EL,       :
                                  : Civil Action No. 11-4199 (RMB)
        Petitioner,               :
                                  :
v.                                : OPINION
                                  :
ATTORNEY GENERAL OF THE           :
STATE OF NEW JERSEY, et al.,      :
                                  :
        Respondents.              :
                                  :

**APPEARANCES:**

**JOLANDA BORDLEY JACKSON-EL**, Petitioner pro se
1423 Elwood Road
Hammonton, New Jersey 08037

BUMB, District Judge

    This matter comes before the Court by way of Jolanda Bordley Jackson-El's ("Petitioner") petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons discussed below, Petitioner will be granted thirty days to resubmit her petition, as it currently does not comply with the Section 2254 Habeas Rules.

**I. BACKGROUND**

    On July 21, 2011, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In the petition, Petitioner states that she was convicted of "speeding and driving while license revoked." (Pet. at ¶3.) The petition further states that "THIS IS A MOORISH AMERICAN UNDER FEDERAL CLASSIFICATIONS;

NATIONAL ARCHIVE RECORD GROUP 147 BK.521 FILE 5-39, U.S. DEPARTMENT OF JUSTICE BM:$WD:144-35-0, U.S. DEPARTMENT OF DEFENSE 1-17, UNIQUE IDENTIFIER 1237-7 HIERARCHAL CODE R1.01.052.004,FEDERAL CODE 667, FEDERAL CODE 463AND OUR AUTHORITY COOK COUNTY RECORDER OF DEEDS DOC#10105905 BJ.521 PG.579" (Id. at I(3)(B).)

The petition further states: "THE DEFENDANT IS NATIVE AMERICAN ACCORDING TO HIS CLASSIFICATIONS AND PROTECTIONS, ALSO MR. MARTINEZ HAS DIPLOMATIC IMMUNITYS [sic] ACCORDING TO HIS CLASSIFICATION AND STATUS." (Id. at I(4)(A)(3).)  Finally, the petition states that "On July 14, 2011, Jolanda Bordley Jackson-El was kidnapped by a Mullica Township, NJ police person who represented himself as a Verizon employee without notice of warrant or reasonable cause. She has been detained in the Atlantic County jail since that time."

## II. DISCUSSION

### A. Legal Standard

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969).

### B. Analysis

28 U.S.C. § 2254(a) states that: "[t]he Supreme Court, a

Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Court requires, inter alia, that the petition: (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; and (3) state the relief requested. R. 2(c) (1)-(3). Further, Rule 2(d) requires that the petition "substantially follow either the form appended to [the Rules] or a form prescribed by a local district court rule." R. 2(d). A district court must dismiss a habeas corpus petition, summarily or otherwise, if it appears from the face of the petition that petitioner does not claim a constitutional violation, as required by § 2254(a). Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985); Rule 4 of the Rules Governing Section 2254 Cases.

Petitioner's current petition does not meet these requirements. Specifically, it is not clear to the Court from the face of the petition, the grounds for relief available to Petitioner; the facts Petitioner alleges to support those grounds; or the relief Petitioner is requesting from this Court. Further, it is not clear to the Court what conviction the Petitioner is challenging and whether she is "in custody" pursuant to that

conviction.[1]  Finally, Petitioner has not alleged the deprivation of a federal right.

Therefore, Petitioner shall be granted 30 days from the date of this Opinion to resubmit an amended petition that complies with Rule 2 of the Section 2254 Habeas Rules. The Clerk of the Court shall provide Petitioner with a blank form for a Petition for Relief From a Conviction or Sentence By a Person in State Custody (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus).

**III. CONCLUSION**

For the foregoing reasons, this Court finds that the petition does not comply with Rule 2 of the Rules Governing Section 2254 Cases in the United States District Court.  Petitioner shall be granted 30 days from the date of this Opinion to resubmit an amended petition that complies with the Section 2254 Habeas Rules. In the event that Petitioner fails to submit an amended petition within 30 days, the Court will enter an order without further notice that dismisses the petition in its entirety pursuant to 28 U.S.C. § 2243.  An appropriate order follows.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

Dated: December 12, 2011

---

[1] The Court notes that a petitioner must be "in custody" under the conviction he is attacking when the petition is filed, in order for this Court to have jurisdiction.  See Maleng v. Cook, 490 U.S. 488, 490-92 (1989).  See also 28 U.S.C. § 2254.